United States District Court
Southern District of Texas
**ENTERED**
July 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THERESA B. GERKE | § § | |
| Plaintiff. | § § § | |
| VS. | § § § | CIVIL ACTION NO. 3:19–CV–00005 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2007-1 | § § § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support ("Motion to Dismiss"). *See* Dkt. 11. This motion was referred to this Court by United States District Judge George C. Hanks, Jr. *See* Dkt. 20. After careful consideration of the Motion to Dismiss, the response, the reply, and applicable law, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

## FACTUAL ALLEGATIONS[1]

On December 31, 2018, Plaintiff Theresa B. Gerke ("Gerke") filed suit in the 10th Judicial District Court in Galveston County, Texas, seeking to prevent Defendant Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series

---

[1] This section is based on the material facts alleged in Plaintiff's Amended Complaint ("Complaint"). For purposes of the Motion to Dismiss only, the Court construes the well-pleaded facts as true and views them in the light most favorable to the plaintiff.

2007-1 NovaStar Home Equity Loan Asset-Backed certificates, Series 2007-1 ("Deutsche Bank")[2] from foreclosing on her property at 2004 Leisure Lane, League City, Texas 77573 (the "Property"). Deutsche Bank timely removed the case to the United States District Court for the Southern District of Texas (Galveston Division) on the basis of diversity jurisdiction.

**History of the Property:** In December 2006, Erick Brown ("Brown") purchased the Property. To do so, Brown obtained a loan from NovaStar Mortgage, Inc. ("NovaStar") in the amount of $275,000.00 (the "Loan"). The Loan was secured by a Note and a Deed of Trust, which were recorded in the real property records of Galveston County, Texas.

In November 2007, Brown agreed to sell the Property to Ophelia Broussard ("Broussard") and gave her a "General Warranty Deed with Vendor's Lien in Favor of Third Party," which was recorded in the real property records of Galveston County, Texas. At the time of the sale to Broussard, Brown had missed several mortgage payments and had not paid off the Loan.

Gerke agreed to purchase the Property from Broussard in July 2009. Gerke paid cash for the Property and received a quitclaim deed from Broussard. Importantly, at the time of the purchase, the Loan was still outstanding and the Deed of Trust had not been released.

---

[2] In its Motion to Dismiss, Deutsche Bank states that it was "incorrectly sued as Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1." Dkt. 11 at 1.

2

In July 2010, NovaStar assigned the Note and Deed of Trust to Deutsche Bank and the assignment was recorded in the property records of Galveston County, Texas. In July 2010, Deutsche Bank provided a notice of foreclosure proceeding to Gerke. However, the foreclosure set for January 2011 was cancelled.

**The First Lawsuit:** On May 16, 2012, Gerke filed suit in the 212th Judicial District of Galveston County, Texas (the "First Lawsuit"). Deutsche Bank timely removed the First Lawsuit to the United States District Court for the Southern District of Texas (Galveston Division) based on diversity jurisdiction. In the First Lawsuit, Gerke challenged Deutsche Bank's right to assert a security interest against the Property under the Deed of Trust. Specifically, Plaintiff sought to remove cloud and quiet title, void and cancel the substitute trustee's deed, and asserted a trespass to try title cause of action. Gerke also sought a declaratory judgment on the validity of the Deed of Trust and the ownership and title to the Property

After a bench trial, District Judge George C. Hanks, Jr. rendered a Final Judgment on January 28, 2016, in favor of Deutsche Bank. In the Findings of Fact and Conclusions of Law, Judge Hanks held that "Deutsche Banks' lien on the [Property] . . . evidenced by the Adjustable Rate Note dated December 21, 2006 and secured by a Deed of Trust of the same . . . is a valid and superior lien to which Theresa B. Gerke's title to the Property is subject." Dkt. 11-7.

**The Present Lawsuit:** In December 2018, Deutsche Bank posted the Property for foreclosure. Seeking to stop that foreclosure sale, Gerke filed this lawsuit. In her Complaint, Gerke brings a declaratory judgment action under Texas Civil Practice and

3

Remedies Code §16.035(d), asserting that Deutsche Bank "accelerated the underlying Note over 4 years ago, in 2007 and again in 2010" and, as a result, "the [four-year] Statute of Limitations as to [Deutsche Bank's] right foreclose its security interest has expired." Dkt. 10 at 4.

In response, Deutsche Bank has moved to dismiss this case for failure to state a claim upon which relief can be granted. Specifically, Deutsche Bank claims that (1) the doctrine of res judicata bars Gerke's claims; and (2) Gerke fails to meet the pleading standards required by the Federal Rules of Civil Procedure.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). When conducting its inquiry, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal quotation marks and citation omitted).

4

In deciding a motion to dismiss for failure to state a claim, courts may consider "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). A court may also consider publicly available documents at the Rule 12(b)(6) motion to dismiss stage without transforming the motion into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citation omitted); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.") (citation omitted).

Res judicata is appropriately raised through a Rule 12(b)(6) motion to dismiss "when the facts are admitted or not controverted or are conclusively established." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (internal quotation marks and citation omitted). *See also McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262 (5th Cir. 2018) (affirming judgment granting a Rule 12(b)(6) dismissal based on res judicata); *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir. 1995) ("[W]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer.") (internal quotation marks and citation omitted).

## ANALYSIS

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v.*

*Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). The purpose of res judicata is to prevent vexatious litigation, promote judicial economy, and give finality to certain judgments. *See Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 908 (5th Cir. 2011). If res judicata applies, the plaintiff is barred from attempting to relitigate any claims that could or should have been brought in the prior action. *See Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004). To show that a claim is barred by res judicata, four elements must be present: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *See Test Masters*, 428 F.3d at 571.

The first three elements are not disputed. This case involves the same parties, Gerke and Deutsche Bank, and a court of competent jurisdiction—the United States District Court for the Southern District of Texas (Galveston Division)—issued a final judgment on January 28, 2016. *See* Dkt. 11-7.

The Court's focus must then turn to the fourth element: whether this lawsuit involves the same claim or cause of action as the First Lawsuit. In conducting this inquiry, the Court will apply the transactional test adopted by the Fifth Circuit. *See Test Masters*, 428 F.3d at 571. Under this test, "the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Stated another way, "[i]f a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." *Test Masters*, 428 F.3d at 571 (citation omitted).

Deutsche Bank argues that "[b]ecause both suits involve attacking the validity and enforceability of the Deed of Trust and seek to prevent Deutsche Bank from foreclosing, they are based on the same nucleus of operative fact, and Plaintiff's current claims are barred by res judicata." Dkt. 11 at 12 (citation omitted). In response, Gerke contends that the current lawsuit is different because Gerke "filed the first lawsuit to obtain a determination as to title to the property" and, at the time, there was no foreclosure pending or threatened. Dkt. 18 at 5. Gerke alleges that in the current lawsuit she is challenging the statute of limitations for a foreclosure action. As such, the "posting of foreclosure is [the] significant operative fact which precludes [Deutsche Bank's] assertion of [res judicata]." Dkt. 18 at 6.

The Fifth Circuit has clearly stated that "[a] party may not avoid the preclusive [e]ffect of res judicata by asserting a new theory or a different remedy. The nucleus of facts defines the claim rather than the legal theory posed or recovery sought." *In re Howe*, 913 F.2d at 1144, n.10 (citation omitted). Here, Gerke claims that the mere fact that Deutsche Bank has posted the Property for foreclosure changes the "operative facts." This is not the case. The operative facts remain the same and the current lawsuit relates to the same subject matter—real property encumbered by a Deed of Trust—as the First Lawsuit. The First Lawsuit found that the Deed of Trust was valid. In the present case, however, Gerke asks the Court find that the Deed of Trust is invalid through a declaratory judgment action. *See* TEX. CIV. PRAC. & REM. CODE §16.035(d) ("On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien becomes void."). As Deutsche Bank states:

7

> Plaintiff attempts to recast her allegations in the First Lawsuit and this matter to conveniently ignore that she is attempting by this lawsuit to do exactly what she attempted in the First Lawsuit—i.e., to have the Court declare that Defendant's mortgage lien is invalid and unenforceable. In Plaintiff's own words in the First Lawsuit, Plaintiff characterized that the dispute between Plaintiff and Defendant was as to, *inter alia*, the "***validity of the Deed of Trust.***"

Dkt. 19 at 3. Needless to say, the underlying purpose of the res judicata doctrine is to prevent Gerke from doing exactly what she is trying to do here: re-litigate issues already decided in a previous case.

Gerke also argues that res judicata does not bar her claim because "the issue of [Gerke's] affirmative defense of statute of limitations was not a ripe issue" when she filed the First Lawsuit. Dkt. 18 at 5. Deutsche Bank, rightfully, responds that Gerke has asserted in this case an affirmative claim for declaratory relief, not an affirmative defense. Although Gerke did not previously seek a declaration that the statute of limitations for a foreclosure action had expired, she could have easily done so. The statute of limitations argument was unquestionably ripe at the time the First Lawsuit was filed. Indeed, Gerke readily admits in her Complaint that the four-year statute of limitations for foreclosure actions had expired *before* the First Lawsuit had even been filed. Why Gerke did not advance the limitations argument in the first case as part of her effort to declare Deustche Bank's mortgage lien unenforceable is unclear. What is certain, however, is that res judicata now bars her attempt to raise the issue in this case. *See Cooper v. Bank of N.Y. Mellon*, 713 F. App'x 368, 369 (5th Cir. 2018) (dismissing case based on res judicata because the statute of limitations claim could have been raised in prior lawsuits); *Rivas v. U.S. Bank Nat'l Ass'n as Trustee for MASTR Asset Backed Securities Trust 2007-HE2 et al.*, No. 4:18-CV-01037, 2019 WL

8

956720, at *2 (S.D. Tex. Feb. 27, 2019) (finding that res judicata barred the plaintiffs' affirmative claim for statute of limitations because the present suit was "based on the same nucleus of operative facts relative to foreclosure of the Property and, thus, could have been raised in the prior suits."); *Koncak v. Deutsche Bank Nat'l Trust*, No. 3:16-CV-1507-L-BK, 2017 WL 1281186, at *2 (N.D. Tex. Jan. 6, 2017) ("Although the [prior suit] did not involve an allegation that limitations barred foreclosure, there is no apparent reason why Plaintiffs could not have raised the argument at that time as it involved events that occurred prior to the commencement of the [prior suit].").

In short, the present lawsuit and the First Lawsuit are based on the same nucleus of operative facts that relate to the same Deed of Trust for the same Property. As such, Gerke's Complaint is barred by res judicata and should be dismissed with prejudice. Because application of the res judicata doctrine warrants dismissal, there is no need for the Court to address the other arguments presented by Deutsche Bank for dismissal.

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 8th day of July, 2019.

                                            ANDREW M. EDISON
                                    UNITED STATES MAGISTRATE JUDGE